## JOHN CURREY v. HORACE ALLEN.

LAND HELD IN TRUST.—When one person furnishes the consideration to buy land, whether that consideration is money or other property, and the purchase is made and the title is taken in the name of another, the land will be held by the grantee in trust for the person furnishing the consideration paid.

TRUST IN CASE OF SHERIFF'S SALE.—The Sheriff was about to sell certain real estate on an execution in favor of C. A., at C.'s request, attended the sale and bid off the property, and had the bid credited on the execution, but took the certificate of purchase in his own name, and afterwards had a Sheriff's deed made to him : *held*, that A. held the legal title in trust for C.

LIMITATION OF ACTION AS TO TRUST.—If a trust attaches to the legal title acquired through a Sheriff's certificate of purchase and deed, the Statute of Limitations does not commence running until the execution of the Sheriff's deed, and expires at the end of four years from that time.

LIMITATION OF ACTIONS IN CASE OF FRAUD.—Where relief is sought on the ground of fraud, the Statute of Limitations does not commence running until the discovery of the fraud.

APPEAL from the District Court, Fifteenth Judicial District, County of Contra Costa.

On the 24th day of October, 1855, the plaintiff recovered a judgment against the defendant in the District Court of Contra Costa County, for three hundred dollars and costs. On the 26th day of October, 1855, an execution was issued on the judgment, and on the 29th day of November following the Sheriff sold a tract of land by virtue of the execution, and the defendant became the purchaser and received a

certificate of purchase.  No redemption was made of the premises, and on the 25th day of August, 1863, the Sheriff executed and delivered to Allen a deed of the land.  On the 24th day of August, 1865, this action was commenced to have a trust declared and to compel the defendant to convey to the plaintiff.  The plaintiff recovered judgment in the Court below, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*Horace Allen, in pro. per.,* for Appellant.

The plaintiff's allegations that the defendant expressly agreed to hold the premises in trust for the plaintiff, is positively denied in the answer; and the plaintiff was therefore put to his proof by written evidence such as is required by the Statute of Frauds. ˙ (Wood's Digest, Art. 394; *Coles* v. *Brown,* 10 Paige, 535; Browne on Statute of Frauds, Sec. 511, and the numerous cases there cited in Note 3.)  But the plaintiff did not prove any express trust agreement by any evidence, either written or verbal.

There was no trust by implication of law.  See *Loyd* v. *Spillett,* 2 Atk. 148, as to the classification of this species of trusts.

In no case will the grantee be deemed trustee (on the ground of fraud) if he used no fraud or deceit in obtaining the legal title.  And when a trust is sought to be enforced on the ground of fraud, the fraud must be distinctly alleged and clearly proved.  It cannot be inferentially stated by alleging a parol trust agreement and a refusal to execute it. (*Leman* v. *Whitley,* 4 Russ. Ch. 423; *Miller* v. *Cotton,* 5 Geo. 341; *Robson* v. *Harwell,* 6 Geo. 589; *McCollock* v. *Cowher,* 5 Watts & Serg. 427.  But it is not pleaded or proved that there was any deceit or bad faith or concealment on the part of the defendant in obtaining and holding the legal title.

A trust is not implied simply because the plaintiff advanced the purchase price.  It must also appear that the defendant did not become indebted for so much money advanced.

(*Botsford* v. *Burr*, 2 John. Ch., marg. page 412.) The mere advancement of the purchase money is not sufficient to raise a resulting trust, unless it was the intention of the parties that it should be so. (*White* v. *Carpenter*, 2 Paige, 265; *Henderson* v. *Hoke*, 1 Dev. & Batt. 149.)

*S. F. Reynolds*, for Respondent.

When the defendant, acting as the agent and attorney of the plaintiff, bid off the premises and took the certificate of sale in his own name, then he held that certificate as the trustee of the plaintiff. That trust continued undisputed until after the defendant obtained the Sheriff's deed, as it had been understood by both parties, and as it was found by the Court. It was one of those constructive trusts which are not included in the Statute of Frauds, but which may be proven by parol. (*Jenkins* v. *Eldridge*, 3 Story, 182, 284–92.)

It is not necessary that the person claiming the benefit of the trust should make actual payment of the price in money. If he is credited for the price by the vendor, it is sufficient; so also if the compromise of a claim of his against the vendor be the consideration or the allowance to the vendor of an old debt. All these are sufficient to raise a trust. (*Sweet* v. *Jacocks*, 6 Paige, 355; *Buck* v. *Swazey*, 35 Maine, 41; *Dwinel* v. *Magie*, 36 Maine, 355.)

If the defendant took the certificate of purchase in his name, with intent to take the deed from the Sheriff, in order, after such deed, to claim the property as against the plaintiff and in fraud of his rights, and to hold the property himself, then that was a fraud on the part of the defendant, and the rights and relief of the plaintiff could not be affected until that fraud was discovered by the plaintiff, which was not until after the defendant had received the deed from the Sheriff. (Authorities before cited; Hittell's Digest, Art. 4,359, Sec. 17; *Pugh* v. *Bell*, 1 J. J. Marsh. 401, 402; *Kane* v. *Bloodgood*, 7 Johns. Ch. 122, 123; *Boyd* v. *Blankman*, 29 Cal. 46.)

By the Court, RHODES, J.:

The Sheriff was about to sell certain real estate under an execution issued upon a judgment in favor of the plaintiff, when the plaintiff requested the defendant to attend the sale as his agent, and purchase the property, (if the bids did not exceed the judgment,) and to have the Sheriff credit the amount of the bid on the execution. The defendant undertook the business, and bid off the property, and the amount of the bid was credited on the execution, and the plaintiff paid the Sheriff's fees. The defendant, instead of purchasing the property in the name of the plaintiff, purchased it and took the certificate of purchase in his own name, and afterwards the Sheriff's deed was also executed to him. The plaintiff did not discover that the purchase had been made in the name of the defendant until after the Sheriff's deed was executed. He then demanded of the defendant a conveyance of the property, but the defendant refused. It cannot be doubted for a moment that, upon these facts, the trust of the estate, acquired through the Sheriff's deed, resulted by operation of law to the plaintiff. The doctrine is elementary, and not now open to controversy, that where a person furnishes money to buy land, and the purchase is made and the title taken in the name of another, the land will be held by the grantee in trust for the person so furnishing the purchase money. It makes no difference in principle whether the consideration is money or other property.

Regarding this case either as an action to establish and enforce a trust, or as an action for relief on the ground of fraud, the Statute of Limitations does not bar a recovery. The trust attached to the legal title, acquired through the Sheriff's deed, and that deed was executed less than four years before suit was brought. Treating the action as an action for relief on the ground of fraud, the statute does not commence running until the discovery of the fraud, and that

33

was less than three years before the commencement of the action. (See Ang. on Lim., 188 *et seq.; Kane* v. *Bloodgood,* 7 Johns. Ch. 90; *Sublette* v. *Tinney,* 9 Cal. 423; *Boyd* v. *Blankman,* 29 Cal. 20.)

Judgment affirmed.

Mr. Chief Justice CURREY, being interested, did not sit on the trial of this cause.