CASE 83—PETITIONS EQUITY—FEBRUARY 2.

# Craig v. Turley's Administrator.
## Same v. Same.

APPEALS FROM GALLATIN CIRCUIT COURT.

JUDICIAL SALES—TRUST—NOTICE.—At a judicial sale of land made to satisfy, first, the costs of the action; second, a debt to H., and third, a debt to C., the land was purchased by S. for the benefit of C. under an agreement whereby S. was to advance the amount necessary to pay the costs of the action and the debt to H., and hold the land in trust for C. until repaid out of the rents the amount so advanced, with interest, and as a part of this agreement C. executed upon the margin of the order book, in which the order was recorded, the following: "For value received of S. * * * I hereby assign to him all my right, interest, claim or demand, either in law or equity, in and to the within judgment, he to assume and pay such claims, fees and costs as I am liable for under this judgment." Thereupon S. executed a mort

gage on this land to W. to indemnify him as surety.  Both upon a motion by S. for a deed, and in an action by W. to enforce his mortgage lien, C. set up the foregoing facts, and the additional fact that he had re-paid to S. the money the latter had advanced, and asked that a deed be made to him.  *Held*—That as against W. claiming under an intervening mortgage C. has neither a prior right to the land nor prior lien upon it, as it does not appear that W., at the time he became surety and took the mortgage to indemnify him, had notice of the agreement between C. and S.  And the assignment by C. on the margin of the order book operates as an estoppel to his assertion of a lien on the land superior to that of the mortgagee as well as to his claim to an interest in the judgment.

J. J. LAMDRUM for appellant.

The statute of frauds can not be invoked as a shield to enable one to perpetrate fraud.  Where one has performed a valuable part of an agreement, he is entitled to a specific execution of the other, or to recover back what he has paid.  (Story's Equity, vol. 2, sec. 759, 762-3; Roberts on Frauds, 138.)

MONTGOMERY & PERRY for appellee.

Where one purchases land in his own name and upon his own credit, a mere verbal agreement to make the purchase for another is not enforceable, because within the statute of frauds.  (3 A. K. Marshall, 57, Fowke v. Slaughter; 3 Met., 474, Hocker v. Gentry.)

JUDGE LEWIS delivered the opinion of the court.

In September, 1876, in the action of Craig v. Howe and others, judgment was rendered for the sale of a tract of land now in controversy, and distribution of the proceeds of sale to pay, first, the costs of all parties to the action; second, a debt to Howe for about one hundred and eighty-seven dollars, and third, a debt of appellant, Craig, for five hundred and thirty dollars and interest from 1860.

At the sale made by the commissioner November 20, 1876, Samuel Turley, now dead, became the purchaser at the price of five hundred and seventy dollars, for which he, February 19, 1877, executed bond.  And on

the last-named date, Craig executed on the margin of
the order book in which the judgment was recorded
the following : ''For value received of Samuel Turley,
I hereby assign to him all my right, interest, claim or
demand, either in law or equity, in and to the within
judgment, he to assume and pay such claims, fees and
costs as I am liable for under this judgment.'' At the
succeeding term of court the sale was confirmed, and
under writ then ordered, Turley got possession of the
land, and by his tenants held it until his death in
1883.   November 9, 1882, Samuel Turley executed a
mortgage on the land and other property to appellee,
William Turley, to indemnify him as surety for cer-
tain debts.

The present litigation was commenced by William
Turley, who, as administrator of Samuel Turley, and
in his own right, upon notice to the original parties to
the action, made a motion to re-docket it, and for an
order of court directing a commissioner's deed made
to Samuel Turley, which, for some cause, had not been
before done.   In his response to the motion, Craig
stated that the purchase was made for his benefit by
Samuel Turley, under an agreement between them that
he, Turley, would bid for the land, and advance the
amount necessary to pay the costs and fees of the
action and the debt to Howe, and hold the land in
trust for him, Craig, until repaid out of the rents the
amount so advanced, and interest thereon at the rate
of eight per cent. per annum, and that the execution
of the assignment on the margin of the order book
was part of the agreement between them.   He further
stated that no consideration was, in fact, paid to him

for the assignment of the judgment, and that the amount advanced by Samuel Turley and interest thereon had been repaid to him. The allegations of the response were all controverted by the plaintiff in the motion, and subdivision 6, section 1, chapter 22, General Statutes, was pleaded and relied on as a defense at law.

After the motion was made, and while it was pending, William Turley, as administrator, and in his own right, instituted an action against the creditors of Samuel Turley to settle his estate, alleged to be insolvent, and also to sell the land in dispute, to pay him the amount he had paid as surety of the decedent.

In that action appellant, Craig, set up the same claim to the land, and the same issues of law and fact were made as in the motion referred to. And the two actions having been consolidated and tried together, the court adjudged, in substance, that the land in contest was the property of Samuel Turley at the time of his death; that William Turley had acquired by the mortgage a lien thereon, and directed the proceeds of the sale of it, and of the other mortgaged property, be applied to pay his claim.

We think the evidence in this case clearly shows that the land was, in pursuance of a verbal agreement between the parties, purchased by Samuel Turley for appellant, Craig, and held by him in trust. The testimony of the person who signed the sale bond as security for Samuel Turley, the tenants who leased the land from him, and a person who applied to him to purchase it, all swear to statements made by him, which place it beyond question that he made the purchase for Craig,

and agreed to hold it in trust for him until reimbursed what he had paid of the costs of the suit and to Howe.

Having purchased the land, and after the sale was confirmed having nothing else to do to entitle him to a deed but satisfy the sale bonds, his failure to apply for the deed can not be explained except upon the theory that he had agreed and intended to transfer his bid to Craig when reimbursed. For, after he paid the costs and the Howe debt, and received from Craig the assignment of his part of the judgment, he was entitled to the deed, and if he had purchased the land for his own benefit, and not Craig's, he would have caused it to be made to him.

We are convinced that, though so stated in the instrument, no consideration whatever was paid by Samuel Turley to Craig for the assignment of the judgment. The evidence makes it equally manifest that Samuel Turley received of rents and payments made by Craig more than the amount he paid of the costs and to Howe and agreed interest thereon. It is thus clear that Samuel Turley, by paying about two hundred and sixty-five dollars, which he got back, obtained the land, for which he bid five hundred and seventy dollars, and Craig has given up or lost his entire interest in the judgment, without any equivalent whatever. If, therefore, this was a contest between Samuel Turley and Craig merely, the latter would be entitled to either the land or an enforceable lien on it for his part of the price at which it was sold by the commissioner in 1876. But as against William Turley, claiming under an intervening mortgage, Craig has neither a prior right to the land nor prior lien upon it. For, as it does not appear,

but is denied by William Turley, that at the time he became the surety of Samuel Turley and took the mortgage to indemnify him, he had notice of the alleged agreement by which the land was to be held in trust for Craig, clearly the trust, conceding there was one, would not be valid against his mortgage. And the assignment by Craig on the margin of the order book operates as an estoppel to his assertion of a lien on the land superior to that of the mortgagee, as well as to his claim to an interest in the judgment. For, by the terms of that assignment, he not only transfers all his right and interest in that judgment, but acknowledges value received therefor.

Having thus done an act inconsistent with his assertion of a lien on the land, which did or might have misled purchasers or creditors of Samuel Turley, it seems to us he is now precluded from enforcing such lien in preference to the mortgage, which appears to have been accepted by the mortgagee in the belief Samuel Turley owned the land free from incumbrance.

It does not make any difference that Samuel Turley had not procured a deed at the date of the mortgage, for his interest in the land was the subject of transfer by deed or mortgage, and Craig had in an effectual way declared the purchase price was, in effect, paid.

As it appears the entire proceeds of the mortgaged property, including the land, were insufficient to pay the mortgage debt, there was nothing arising from a sale of the land that could, according to the views we have indicated, be applied to the claim of Craig; and as he was thus without remedy, the judgment must be affirmed.