## MALLAGH v. MALLAGH et al.*

### No. 11,859; February 4, 1888.

#### 16 Pac. 535.

**Resulting Trusts — Establishment by Parol.**—Plaintiff made a deed to her son of real property, with an understanding that he should satisfy her debts, and reconvey the remainder to her. In effecting a compromise with certain parties, the son, in consideration of a deed

---

*For subsequent opinion in bank, see 77 Cal. 126, 19 Pac. 256.

of certain other of plaintiff's property, procured the property in dispute to be conveyed to him. Civil Code of California, section 852, enacts that no trust of real property is valid unless created by writing or operation of law. In an action to have the heirs of the son declared trustees, held, that parol evidence was admissible to show the nature of the dealings between plaintiff and her son, and to establish a trust in her favor.

Resulting Trust—Laches.—Plaintiff had Owned the Beneficial Interest in property, and had been in possession thereof since 1879, and was in possession in 1883, when she brought action to have defendants, who held the naked legal title, declared trustees for her. Held, that the plaintiff was not guilty of laches in asserting her rights.

Searls, C. J., McKinstry and Temple, JJ., dissenting.

APPEAL from Superior Court, San Luis Obispo County; D. S. Gregory, Judge.

Juana Corrillo de Mallagh brought this action against Isabel Roco de Mallagh and Edna Mallagh, the widow and infant child of her son, David Mallagh, to establish a trust in plaintiff's favor of certain land of which said David Mallagh died seised. Plaintiff, being financially embarrassed, with a view to making a settlement with her creditors, made a conveyance in July, 1877, to her son, said David Mallagh, of property, which was subsequently sold under foreclosure proceedings, and purchased by the trustees of the estate of one Thompson, but plaintiff retained possession. It was claimed that the foreclosure suit was irregular, and that the grantees under the sheriff's deed acquired no title. A compromise was effected, whereby the purchasers at the foreclosure sale were to convey to the plaintiff the property in dispute, and were to receive a conveyance of certain other of plaintiff's property. David Mallagh procured a conveyance to be made to himself of the property plaintiff was to receive under this agreement, but plaintiff did not become aware of it until the month of January, 1882. David Mallagh died in March, 1883, leaving him surviving the defendants, his only heirs at law, and shortly afterward this action was brought. The judgment of the court below was in plaintiff's favor. Defendants appeal. Civil Code of California, section 852, referred to in the opinion, reads as follows: ''No trust in relation to real property is valid unless created or declared (1) by a written instrument, subscribed by the trustee, or

by his agent thereto authorized by writing; (2) by the instrument under which the trustee claims the estate affected; or (3) by operation of law."

Venable & Goodchild and W. H. Spencer for appellants; Graves, Turner & Graves for respondent.

FOOTE, C.—This is an action to establish and enforce a trust. It appears that the plaintiff has been divorced from her husband; and being largely in debt, and her property mortgaged, desired to effect some compromise with her creditors whereby she might retain for herself some part of her estate. With that end in view, and acting in perfect good faith, she made to her son, David Mallagh, a deed of the property set out in the complaint herein. This son was a person in whom she reposed the utmost confidence, and she always acted as he advised her to do. Proceeding under his advice, she executed to him a deed to her property, with the understanding and agreement that he should satisfy the claims of her creditors, and, if anything remained after that, he was to reconvey it to her. The creditors sold the property (which had been mortgaged to them) at a foreclosure sale, and purchased it. A dispute arose as to whether or not that sale was good, and gave the purchasers a perfect title to the plaintiff's property. She retaining possession of it, her son, David, effected a compromise and agreement with the purchasers at the foreclosure sale that they should accept from him for his mother a deed to a portion of her property, and should then deed to her the property now in dispute. He deeded that which he had promised to the creditors, but, instead of having them (as had been agreed upon) to convey the property now in dispute to his mother, he took from them a deed of it to himself. His mother remained in ignorance of that fact until a short time prior to his death. Then she, having discovered what he had done, applied to him to make her a conveyance of the property, which he refused to do, and never did so convey it. There is nothing to show that in making the deed to the creditors he either had repudiated, or intended to repudiate, his mother's right. For all that appears to the contrary, he at that time intended to act fairly by her; in other words, that he made the conveyance as her

agent. In this sense, what the creditors accepted as the consideration of their deed, came from the plaintiff. The court below decreed that David Mallagh was trustee for his mother, and, being deceased, the defendants, his only heirs at law, in privity with him, held the property in trust for the plaintiff, and that equitably it should be conveyed to her. From that judgment, and an order denying a new trial, the defendants have appealed.

It is argued that parol testimony was not admissible to show the facts surrounding the transaction between the parties thereto. But this view, we think, is untenable, for the reason that all the property which remained after the satisfaction of the creditors' claims was held by David Mallagh in trust for his mother. The only consideration which ever passed to the creditors and purchasers under the foreclosure sale for the deed which they executed to David Mallagh, instead of his mother, to whom they promised to convey it, was that which came from the plaintiff. She originally conveyed it to her son, and agreed that he might compromise her debts, and, when he did so by the deed he made to the trustees of the Thompson estate, it was done by him as the agent and trustee of his mother, who thereby furnished the property thus conveyed as a consideration for the creditors to convey to her the property in dispute, for it is not necessary that money alone should be the consideration in such a matter: Currey v. Allen, 34 Cal. 254. The fact that they conveyed to her agent and trustee did not defeat her equitable right to have the title vested in her, as had been agreed upon.

Under our code, resulting trusts may arise by operation of law (section 852, subd. 3, Civil Code), and such trusts may be established by parol: Millard v. Hathaway, 27 Cal. 119; Bayles v. Baxter, 22 Cal. 575. Judge Story, in his work upon Equity Jurisprudence, volume 2, thirteenth edition, section 1195, declares that implied trusts include both resulting and constructive trusts. This court has held, in common with many others, that parol evidence is admissible to show an implied trust, whether the same be presumed "from the supposed intention of the parties, and the nature of the transaction, when they are known as 'resulting trusts'; or they are raised independently of any such intention, and forced on the conscience of the trustee by equitable construction and

the operation of law; and such are distinguished as 'constructive trusts.' These trusts are expressly exempted from the operation of the statute of frauds'': Millard v. Hathaway, 27 Cal. 119. Upon examination, we think that the evidence supports the findings.

As to the suggestion made by the respondents' counsel that the plaintiff was guilty of laches in failing to assert her rights, it is only necessary to say she had been in possession of the premises in controversy since 1879 'and owned the entire beneficial interest therein. The respondents were out of possession, and held the naked legal title for the plaintiff; hence the latter might with safety rest content until the former took some steps to disturb her in the enjoyment of her rights: Barroilhet v. Anspacher, 68 Cal. 121, 8 Pac. 804.

No prejudicial error appearing, we are of the opinion that the judgment and order should be affirmed.

We concur: Belcher, C. C.; Hayne, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.

Searls, C. J., McKinstry and Temple, JJ., did not concur in the opinion.