rant a judgment against such commissioners seems clear. The case of *Gould* v. *Booth et al.* (66 N. Y., 62) is decisive upon this point. That case holds that commissioners, in grading highways, are not bound to provide a channel for the drainage of surface water, and are not liable for injuries resulting from their omitting so to do. The inconveniences resulting to abutting owners by grading highways are to be regarded as the natural consequence of maintaining highways, and are presumed to have been contemplated and paid for when the land was taken for the purpose of a highway.

Upon the merits, therefore, the complaint was properly dismissed.

It may also be observed that there appears to be no exceptions taken to the ruling of the judge in dismissing the complaint.

Judgment affirmed, with costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial affirmed, with costs.

## ALICE M. HOAR AND WILLIAM A. HOAR, BY CHARLOTTE HOAR, THEIR GUARDIAN AD LITEM, APPELLANTS, *v.* WILLIAM H. H. HOAR, RESPONDENT.

*Grant of land to one person for a consideration paid by another — the title vests in the grantee — 3 R. S. (7th ed.), 2181, sec. 51.*

Upon the trial of this action, brought to determine claims to real estate, it appeared that the property was purchased by the plaintiffs' father on December 22, 1882, for $3,500, subject to a mortgage for $1,800, and that he paid the purchase-money, but caused the deed, by which the grantee assumed to pay the mortgage, to be executed to the defendant, his nephew, with the intent and purpose of putting the property beyond the reach or possible control of his wife, who had deserted him. The deed and the possession of the property were delivered to the plaintiff's father, and were held by him until he died on August 12, 1885. After his death the defendant obtained possession of the deed, and had it recorded.

*Held,* that the defendant was the owner in fee of the property and entitled to the immediate possession thereof. (DYKMAN, J., dissenting.)

*Foote* v. *Bryant* (47 N. Y., 544); *Carr* v. *Carr* (52 id., 260); *Church* v. *Kidd* (3 Hun, 265); *Ryan* v. *Dox* (34 N. Y., 307), distinguished; *Everett* v. *Everett* (48 N. Y., 218) followed.

APPEAL from a judgment, entered at the Kings County Circuit, upon the verdict of a jury, rendered by the direction of the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The plaintiffs are the only children and heirs-at-law of William A. Hoar, deceased; their mother, Charlotte M. Hoar, is their guardian *ad litem*. On the 22d day of December, 1882, the plaintiff's father purchased the property in controversy, 134½ Newell street, Brooklyn, from Samuel Self, for $3,500, subject to a mortgage thereon for $1,800. He paid the purchase-money and had the deed therefor executed to this defendant, his nephew, as sole grantee. By the terms of the deed the grantee assumed and agreed to pay the mortgage debt. The deed and possession of the property were delivered to the purchaser, William A. Hoar, Sr., and were held by him exclusively until he died, August 12, 1885, and the deed was not recorded nor delivered to the defendant until after his death; it was then recorded and the defendant asserted title under it and took charge of the property.

The purchaser of the property, William A. Hoar, Sr., caused the deed to be executed to the defendant, with the evident and avowed intent and purpose of putting the property beyond the reach or possible control of his wife, who deserted him in 1871. William A. Hoar, Sr., had previously, and during the same year, purchased three other tenement buildings, viz.: One on Larimer street, and two on Diamond street, and in a similar manner caused deeds thereof to be executed to the defendant, viz.: On July sixth and December twenty-second. These were soon aftewards redeeded to him, viz.: On July 19, 1882, and April 19, 1883. The jury, by direction of the court, rendered a verdict to the effect that the defendant is the owner in fee of the premises and entitled to the immediate possession thereof.

*Sidney H. Stuart*, for the appellants.

*T. F. Bush*, for the respondent.

PRATT, J.:

This is an action to determine claims to real estate. It seems the plaintiff's father purchased the property for $3,500, subject to a

mortgage for $1,800. He paid the purchase-money and had the deed executed to this defendant as sole grantee. By terms of the deed the grantee assumed to pay the mortgage. The deed and possession of the property were delivered to the purchaser and held by him until he died on August 12, 1885. After his death the defendant obtained possession of the deed from a son, and the same was recorded. The only question necessary to be determined is whether these facts bring the case within the statutes. (3 R. S. [7th ed.], 2181, § 51.) It is claimed by the appellant that the defendant, if he took it at all, received the land in trust for the purchaser and that to permit the defense by the statute would use the law to perpetrate a fraud, and he cites *Foote* v. *Bryant* (47 N. Y., 544); *Carr* v. *Carr* (52 id., 260); *Church* v. *Kidd* (3 Hun, 265), and *Ryan* v. *Dox* (34 N. Y., 307).

The first case simply holds that it is lawful for the trustee who has received a conveyance, where another party has paid the consideration, to recognize the equity and make a declaration of trust or a conveyance. The case of *Carr* v. *Carr* decides that the statute referred to does not change the relations of the parties, and applies the familiar doctrine that it is competent to show a mistake in a written instrument, or that a deed absolute on its face was in fact a mortgage. The case of *Church* v. *Kidd* is not in point, as the relations of the parties were established by writings, and the *cestui que trust* had an interest in the property to be protected previous to the conveyance being made. The relation of the parties was that of mortgagor and mortgagee.

The case of *Ryan et al.* v. *Dox* was also one where the plaintiff had an interest in the property which was about to be sold under a decree of foreclosure, and the defendant agreed to attend the sale and buy the property for the plaintiff and take the deed in his own name for security only; and relying on this agreement the plaintiff agreed he would procure no other friend to attend the sale, and the property was sold at a price greatly below its value. In this case the deed was simply a mortgage and the defendant was assuming to act as agent of the plaintiff.

There is also another line of cases where the statute does not apply, where the title is taken in the name of a third party without the knowledge of the party who furnishes the consideration; this point

was also decided in the case of *Foote* v. *Bryant* (*supra*). The case of *Everett* v. *Everett* (48 N. Y., 218) is decisive of the case at bar. That case holds, that where one purchases land and, at his request, the same is deeded to another, although the purchaser receives the deed without disclosing the existence thereof to the grantee, and takes and retains possession of the lands, yet by the deed the title passes and becomes vested in the grantee, and under the prohibition of the statute of uses and trusts no trust results in favor of the purchaser. (See, also, *Gilbert* v. *Gilbert*, 1 *Keyes*, 159; *Niver* v. *Crane*, 98 N. Y., 40; Chap. 322, Laws of 1860; 3 R. S. [7th ed.], 2326; *Sturtevant* v. *Sturtevant*, 20 N. Y., 39.)

We think the defendant, on the facts, was entitled to judgment, and the same is affirmed.

Barnard, P. J., concurred.

Dykman, J. (dissenting):

This action was brought to determine the claims to real property in which the defendant claims some interest arising from the following facts:

William A. Hoar, the uncle of the defendant, bought the property and paid for it and caused the conveyance to be made in the name of the defendant as grantee. The uncle, however, retained the possession of the property down to the time of his death, and the possession and control thereof has continued in the plaintiffs, who are his children, ever since.

There is proof sufficient to show that the defendant consented to the action of his uncle in taking the title in his name under an agreement to give up the same, upon request, whenever certain differences between his uncle and his wife should be terminated.

Under these circumstances the defendant took the naked legal title only, while the actual ownership was in the purchaser, and a court of equity would compel the defendant to yield the title to the plaintiffs. (*Foote* v. *Bryant*, 47 N. Y., 544; *Carr* v. *Carr*, 52 id., 260; *Ryan* v. *Dox*, 34 id., 307; *Church* v. *Kidd*, 3 Hun, 265.)

The verdict should have been directed for the plaintiffs, and the judgment should be reversed and a new trial granted, with costs to abide the event.

Judgment and order denying new trial affirmed, with costs.