## MALTZ et al. v. WESTCHESTER COUNTY BREWING CO.

(Supreme Court, Appellate Division, Second Department. February 6, 1914.)

EVIDENCE (§ 441*)—PAROL EVIDENCE.

Where a lease is in writing and appears complete on its face with mutual obligations and does not contain a declaration of trust, oral evidence is not admissible, in an action to cancel an assignment of the lease made to defendant, of statements preceding and accompanying its execution offered to show that it was taken by lessee in trust for plaintiffs.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

Appeal from Special Term, Westchester County.

Action by Adolph Maltz and another against the Westchester County Brewing Company. From a judgment at Special Term for plaintiffs (140 N. Y. Supp. 521), defendant appeals. Judgment directed for defendant.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLETON, and PUTNAM, JJ.

Norbert Blank, of New York City, for appellant.
Thomas F. Curran, of Yonkers, for respondents.

PER CURIAM. The plaintiffs have a judgment against the defendant canceling an assignment of a lease made to defendant's assignor. The lease is a written instrument, appearing on its face complete, with mutual obligations to be performed, and containing no declaration of trust. Oral evidence of statements preceding and accompanying its execution, offered with a design to establish that the lease was taken by the lessee in trust for the plaintiffs, was received over objection and exception. Plaintiffs testified that they requested the lease to be made in the form in which it was made. There was no evidence of facts from which a trust would result or be implied in equity. The judgment should be reversed. Hoar v. Hoar, 48 Hun, 314, 1 N. Y. Supp. 379, affirmed 125 N. Y. 735, 26 N. E. 758. The third, fourth, sixth, seventh, ninth, tenth, eleventh, twelfth, thirteenth, fifteenth, sixteenth, and seventeenth findings of fact are reversed, and the fifth finding of fact is amended to read as follows:

"5. That on the 27th day of March, 1912, at the request of the plaintiffs, the said Frederick W. Behrmann executed a lease of said premises to Joseph B. Schwartz for a term of five years from June 1, 1912. That said lease expressed mutual obligations to be performed and did not express any declaration of trust in favor of the plaintiffs."

The conclusion of law is reversed, and the conclusion of law is made that the complaint be dismissed on the merits, with costs, and judgment directed for the defendant accordingly.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes