[Civ. No. 7955. Second Appellate District, Division One.—September 27, 1933.]

In the Matter of the Estate of JESSIE T. McALLISTER, Deceased. MARK KENDALL et al., Appellants, v. THOMAS W. McALLISTER et al., Executors, etc., Respondents.

350

Lane & Lane and Meserve, Mumper, Hughes & Robertson for Appellants.

Rex Hardy for Respondents.

HOUSER, J.—This is an appeal by two residuary legatees under the will of Jessie T. McAllister, deceased, from each of two orders,—by the first of which the executors of said will were granted leave to compromise a claim which the estate held against a certain individual; and by the second of which orders, the amended and supplemental account current of said executors, as far as it related to the allowance to them of a credit on their account with the estate for the full amount of said claim, was settled and approved.

The pertinent facts are that at the time of her death in this state, the testatrix was the owner of all the capital stock of a corporation located in the state of Ohio, which stock she had acquired from the estate of her deceased husband; that for many years preceding the death of the testatrix an Ohio lawyer named Brink had transacted all legal business for the corporation, the husband of the testatrix, and latterly for the testatrix herself; that following the decease of the testatrix the executors of her will and estate appointed Brink to "look after" the interests of the estate in the state of Ohio and to effect a sale of the stock in said corporation; that following the sale by Brink of said stock and upon the confirmation thereof by the probate court, Brink remitted to the executors of the estate the sale price thereof, less the sum of two items represented by commission allowed to Brink for effecting the sale and an amount which Brink claimed was due to him for unpaid services performed by him for the testatrix in her lifetime, for or on account of which he had filed no claim against her estate. In addition thereto, Brink claimed that the amount allowed to him by the probate court as commission for making the sale of the stock was inadequate and, consequently, that he was entitled to a further payment on that account. The right to retain such funds in his possession, which amounted to $10,440.84, was claimed and asserted by Brink under the provisions of a certain statute of the state of Ohio. It was understood that Brink was financially responsible and that the probabilities were that he would be able to respond to any judgment which finally might be rendered against him. It was also developed that at the time Brink was appointed by the executors of the estate they had knowledge of the facts regarding his former employment by the corporation, the husband of the testatrix, and latterly by the testatrix herself; and that one of the executors thought it "entirely probable that she did not pay Mr. Brink, but I didn't know it until after he had this money in hand". On the hearing of the matter it further appeared that the estate of the testatrix was comparatively greatly financially involved; that the interest and tax charges against the estate amounted to more than $5,000 per year; "that litigation against said Brink by the executors would have to be instituted in the city of Cincinnati, state of Ohio, and an attorney of Cin-

cinnati employed for such purpose; that a satisfactory presentation of the claim of the executors would necessitate the personal appearance of Rex Hardy, one of the executors of this estate, before the court in Cincinnati trying said action''.

In such circumstances, by its order made and entered, the probate court authorized a compromise of the claim of the estate against Brink for the sum of $4,690.84; and by its further like order in the premises, as far as concerned the transaction in question, directed the settlement and allowance of the account current of the executors of the estate. In effect, as far as is here material, the probate court concluded that, the facts considered, the situation was such that the best interests of the estate would be served by the compromise hereinbefore indicated; also that the executors had not been guilty of negligence in the premises.

The several points made by appellants for an order of this court, by which the several orders from which the appeal is taken should be reversed, are as follows:

''1. The appellants contend that the executors were negligent in that they had constructive knowledge of Brink's claim against Jessie T. McAllister for services performed in her lifetime; that having such knowledge the executors made it possible for him (Brink) to come into the possession of $92,000.00, which was a part of the estate, and after allowing this situation to arise, have failed to take proper action to recover the moneys due and owing to the estate.

''2. That there is no basis upon which a compromise might be founded since Brink, having failed to file his claim, has no contestable claim and no feasible reason for holding the money in question.

''3. That although the Ohio law provides for an attorney's lien, the attorney's lien law is not applicable to the situation involved herein.

''4. That Mr. Brink is holding money which came into his hands, as agent for the executors of the estate of McAllister, for services rendered by Brink as an attorney.

''5. That the money is not being held for services rendered in negotiating the sale of capital stock hereinabove mentioned, but the lien is claimed for legal services rendered the deceased in her lifetime.

"6. That no obligation rests upon the residuary legatees to protect the executors against loss as the duty was theirs to receive all the moneys from their agent."

From an examination of such specifications of points for a reversal of the several orders here under consideration, it is apparent that they may properly be grouped into two general grounds, namely, that the facts did not authorize or justify the probate court in making its order of compromise; nor in declaring that the executors had not been negligent.

As to the first of such propositions, the law is well established that a settlement by compromise of a claim owing to the estate of a deceased person is within the discretionary power of the executors of an estate, and *a fortiori* of the probate court; and upon an appeal from such an order of compromise an appellate court will not disturb it, unless an abuse of discretion is clearly apparent, either in the executors or in the probate court. (Sec. 1588, Code Civ. Proc.; sec. 578, Prob. Code; 11 Cal. Jur. 1033, and authorities there cited.)

Regarding the question of negligence of the executors of the estate, by the findings of fact, together with the conclusions of law thereon made by the probate court, the executors were clearly and positively absolved from any negligence in the premises. By the great weight of authority, except where the circumstances in question permit of but one inference of negligence as a matter of law, a finding of lack of negligence by a trial court or by a jury, based upon substantial evidence, constitutes a determination of an ultimate fact, and as such is conclusive. (19 Cal. Jur. 723 et seq., and authorities there cited.)

As far as this court may discern from the facts and circumstances connected with the transaction which formed the basis for the two orders here under consideration, no abuse either of discretion, or of authority, was manifested by the probate court in making either of such orders; nor does the situation thus presented suggest any legal impropriety in the finding and conclusion of the probate court with reference to the asserted negligence of the executors.

It is ordered that each of the orders from which the appeal is taken be, and it is, affirmed.

Conrey, P. J., and York, J., concurred.