[Civ. No. 19078.   Second Dist., Div. Two.   Dec. 2, 1952.]

GERDA VON ZASTROW, as Special Administratrix, etc., et al., Respondents, v. H. E. SCHIFFBAUER, Appellant.

Jerry Giesler and Robert A. Neeb, Jr., for Appellant.

Denio, Hart, Taubman & Simpson and George A. Hart for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs in an action to establish a resulting trust in certain real property, hereinafter known as the Beverly Hills property, defendant appeals.

*Facts:* On or about January 27, 1934, Hermann Beinssen purchased a piece of real property, having the title thereto placed in the name of his friends, Agnes Schiffbauer and her husband, Dr. H. E. Schiffbauer. The entire purchase price was paid by Mr. Beinssen.

Dr. Schiffbauer first learned of the deed with his name on it more than six years after the deed was executed. From the date of the deed until 1939, rents from the property were collected by an agent of Mr. Beinssen. Thereafter Mrs. Schiffbauer collected the rents until her death on July 2, 1940. On April 18, 1940, Mrs. Schiffbauer transferred the property by deed to her husband, Dr. Schiffbauer.

After Mrs. Schiffbauer's demise, Dr. Schiffbauer collected the rents, paid all bills, upkeep and expenses on the property and reported the income as his own to the state and federal taxing authorities.

In February or March, 1948, plaintiff Gerda Von Zastrow, who lived in Australia and was the daughter of Hermann Beinssen, came to California to settle her father's estate. At this time she had a conversation with defendant in which he indicated that the real property in question belonged to him. The instant action was filed December 16, 1949.

■ *Questions:* First: *Was there substantial evidence to sustain the trial court's finding that defendant and his wife held the Beverly Hills property in trust for Hermann Beinssen?*

*Yes.* The undisputed evidence establishes that decedent Beinssen furnished the entire purchase price for the Beverly

Hills property and directed that it be taken in the name of defendant and his wife.

Such facts make applicable the rule that where a conveyance of land is made to one person and the consideration for the transfer is paid by another, the latter may claim and prove he is the beneficial owner of the real property and the grantee is merely the holder of the legal title. The transaction creates what is known as a *"resulting trust."* (*Currey* v. *Allen*, 34 Cal. 254, 257; *Campbell* v. *Freeman*, 99 Cal. 546, 547 [34 P. 113]; Civ. Code, § 853.* See, also, Rest. of Law and Trusts (1935), Vol. II, § 440, subd. F., p. 1345.)

In view of the foregoing rule and authorities in support thereof, defendant's argument in his brief based upon authorities which deal with *"express trusts"* and *"constructive trusts"* are not here applicable and discussion of the cited cases which pertain to those two types of trusts would serve no useful purpose in solving the problems here presented.

It is likewise evident that the fact that Mrs. Schiffbauer gave a deed to her husband of her interest in the property could not deprive decedent Beinssen nor his heirs of their rightful title to the property.

Second: *Was plaintiffs' cause of action barred by the statute of limitations?*

*No.* The following pertinent rules are applicable:

1. In the case of a *"resulting trust"* the statute of limitations does not begin to run until there has been a repudiation of the trust and the adverse claim of the trustee clearly and unequivocally made known to the *cestui que trust.* (*Lezinsky* v. *Mason Malt Whiskey Distilling Co.*, 185 Cal. 240, 244 [2] [196 P. 884].)

2. To enforce a resulting trust the action must be commenced within four years after the repudiation of the trust. (See cases cited, 16 Cal.Jur. (1924), Limitation of Actions, § 84, n. 2, p. 480.)

Applying the foregoing rules to the facts in the instant case it is apparent the statute of limitations had not run for the reason that the evidence discloses it was not until February, 1948, that defendant repudiated his trust and the

*Section 853 of the Civil Code reads: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

action was instituted December 16, 1949, well within the statutory period.

Third: *Was plaintiffs' claim barred by laches?*

*No.* ■ The question of laches is one for the determination of the trial court and its conclusion thereon will not be set aside by an appellate court if such conclusion finds substantial support in the evidence. (*Fabian* v. *Alphonzo E. Bell Corp.*, 55 Cal.App.2d 413, 415 [130 P.2d 779].)

■ In the present case there is ample evidence to support the trial court's finding that defendant did not repudiate his trust until the early part of 1948. Hence the trial court's finding that laches had not intervened is not unreasonable and finds substantial support in the evidence.

Affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied December 18, 1952, and appellant's petition for a hearing by the Supreme Court was denied January 22, 1953.