[Civ. No. 4755. Fourth Dist. Nov. 20, 1953.]

Estate of FRED F. VEDDER, Deceased. E. R. ABBEY, as Administrator, etc., Respondent, v. MARY JANE ERPS, Appellant.

Hurwitz & Hurwitz for Appellant.

Chas. D. Swanner for Respondent.

GRIFFIN, J.—Decedent Fred F. Vedder, in October, 1941, conveyed certain property in Orange County to Carolina Kerr. Vedder subsequently built a small house on it, went into possession, and apparently paid taxes on it until his death.

E. R. Abbey, as public administrator, was appointed administrator of his estate, and the only asset was the claimed interest of deceased in the property. It was alleged to be of the value of $6,000. The administrator instituted an action against Carolina Kerr to quiet title to the property, based upon fraud or an allegation that the property was held in trust by defendant for the benefit of the estate.

It appears that upon Vedder's death, through the actions of the sole heir, Mary Jane Erps, the furniture was removed, the house was padlocked, and the yard allowed to deteriorate. The public administrator claimed to have no knowledge of the recorded deed to Carolina Kerr until about November, 1952, when she filed a cross-complaint in the quiet title action so alleging, and in which she sought to quiet title to the property and also asked for damages against plaintiff for wrongfully depriving her of its possession, etc., and claiming that any claimed fraud in obtaining the deed in 1941 was barred by the statute of limitations.

Mary Jane Erps appeared through her attorney and asked the court for permission to intervene in that action. The public administrator, after conference with the attorney for Carolina Kerr, and the attorney for the estate, petitioned the court to compromise the action commenced against Carolina Kerr and also her claim for damages, etc., representing that by her cross-complaint she sought $2,000 damages plus $50 per month loss of use of occupancy of the house since the death of deceased, and also sought title to the property; that unpaid claims against the estate existed and that the property should be sold under the compromise agreement and

the estate paid $500, and the actions were then to be dismissed with prejudice; that petitioner sought to withdraw as administrator of the estate and substitute another because of a possible personal liability, and demanded of the sole heir indemnity from any personal liability in the action if she insisted that he remain administrator of the estate. Petitioner claimed that she refused the request.

Mary Jane Erps filed objections to the proposed compromise. The time for hearing the objections and also the motion to intervene were set for the same time. The court granted the motion to compromise and denied the motion to intervene.

The only question presented on this appeal is whether the compromise was for the best interests of the estate or of Mary Jane Erps, the sole heir, and whether the court abused its discretion in authorizing the compromise and denying the claim of the objector.

The argument is that the sole reason to compromise the claim was for the public administrator to escape personal liability under the allegations of the cross-complaint and not for the best interests of the estate, and that no sufficient showing was made by petitioner to authorize the court to grant the petition, citing *Estate of McAllister,* 134 Cal.App. 349, 353 [25 P.2d 507], and *Estate of Lucas,* 23 Cal.2d 454, 467 [144 P.2d 340].

The evidence comes to us on a settled statement of facts and the clerk's transcript. The only objections made to the petition to compromise are that prior to the time Carolina Kerr retained counsel, she offered to compromise said action with objector for the payment of the funeral and medical expenses of the decedent, the total of which was greatly in excess of the sum of $500; that after the complaint was filed and Carolina Kerr retained an attorney, the attorney offered to recommend to Carolina Kerr a settlement based on selling the property, which is the subject matter of this action, and then dividing the proceeds, the sum of which would be approximately $2,500; that objector's attorney advised her the public administrator's cause of action was valid and a recovery was probable; that it was not barred by the statute of limitations; that the $500 compromise would be inequitable; and that it was not for the best interests of the estate to so compromise said claim.

A counteraffidavit was submitted by Carolina Kerr, in which she denied that she ever made the offer mentioned by the objector since, at that time, she had not even filed her cross-

complaint and that since the objector received the proceeds of a life insurance policy in excess of $5,000, she would not have entertained any such claimed compromise; that the only reason she was then willing to compromise her claim under the cross-complaint was due to the fact that she had effected a sale of the property and it had been in escrow for nearly a year and she would suffer damage if it was not completed; that the deed of the property to her from Vedder was recorded in 1941, with full knowledge of Vedder, who paid for the recordation; that the statute of limitations for any claimed fraud commenced to run from that date; that Vedder, by the tax receipts, knew that the property was vested in Carolina Kerr's name since 1941, and prayed that the compromise claim be approved.

At the hearing the court asked counsel for objector if he had any evidence to offer in support of the objections, and he replied that he had none. Petitioner, public administrator, testified that he was advised by the attorney for the estate that Carolina Kerr had a good defense because of the statute of limitations and that Carolina Kerr had a good cause of action on her cross-complaint for damages; that he felt it was in the best interests of the estate to accept $500 which would help defray the funeral expenses and pay other creditors since there were no other assets in the estate; that if the lawsuit was unsuccessful the creditors would receive nothing. He then stated that he knew generally what the subject matter of the suit was but knew none of the details; that neither he nor his attorney had interviewed any prospective witnesses and he did not discuss with objector's attorney the merits of the lawsuit.

Petitioner's attorney testified he examined the cross-complaint and suggested that objector's attorney petition for letters of administration in the estate instead of the public administrator, and carry on the action if she so desired so that the new administrator might become liable in case a judgment was rendered on the cross-complaint; that objector's attorney refused and that he "researched" the question and was of the opinion that Carolina Kerr had a good defense on the statute of limitations and that he was of the opinion that there was a good cause of action on the cross-complaint; that in his opinion the offer to compromise should be accepted and would be for the best interests of the estate.

Objector contends that the evidence produced to support the order of compromise was only a conclusion of law and not

sufficient to justify the order, and that under section 318 of the Code of Civil Procedure, the five-year statute of limitations was applicable, citing 25 California Jurisprudence [Trusts], page 269, section 131; and *Von Zastrow* v. *Schiffbauer,* 114 Cal.App.2d 500 [250 P.2d 624].

The pleadings in the action between the administrator and Carolina Kerr are not a part of the record on appeal. It cannot here be determined whether section 338 of the Code of Civil Procedure, which provides that an action based on fraud must be instituted within three years after discovery of the fraud, was or was not applicable. The facts rather indicate that if fraud was pleaded as indicated by the public administrator, it was, or could well have been, discovered more than three years prior to the commencement of the action. (*Lightner Mining Co.* v. *Lane,* 161 Cal. 689 [120 P. 771]; *Lady Washington Consol. Co.* v. *Wood,* 113 Cal. 482 [45 P. 809].) At least there was some doubt in petitioner's mind and possible doubt in the trial judge's mind whether a recovery could be had in any event, and the trial judge was authorized to consider this possibility in authorizing the compromise.

The settlement of a claim due to or from a decedent's estate is within the discretionary power of the administrator and of the probate court, and upon appeal the judgment will not be disturbed unless an abuse of discretion is clearly shown. (*Estate of Newmark,* 67 Cal.App.2d 369 [154 P.2d 20]; *Estate of McAllister,* 134 Cal.App. 349 [25 P.2d 507].)

Since objector has failed to show such abuse of discretion, the order appealed from should be affirmed.

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.