[Civ. No. 25562.   Second Dist., Div. One.   Oct. 31, 1961.]

WILLIAM G. HILL, Appellant, v. CITY OF SANTA BARBARA, Respondent.

Max Bergman for Appellant.

Stanley T. Tomlinson, City Attorney, and Willard W. McEwen, Jr., Assistant City Attorney, for Respondent.

FOURT, J.—This is an appeal by the plaintiff from a judgment of dismissal after the trial court sustained a general demurrer to the second amended complaint and plaintiff declined to further amend.

The chronology of events is as follows: Plaintiff's original complaint was filed January 15, 1960, and was entitled a "COMPLAINT FOR CANCELLATION." Plaintiff apparently sought the cancellation and rescission of a deed by which plaintiff and one Alfred W. Robertson, now deceased, granted to defendant City of Santa Barbara (sometimes hereinafter referred to as "City"), in 1948, a parcel of property consisting of 6.20 acres. A general and special demurrer to this complaint was sustained.

On April 1, 1960, plaintiff filed his "FIRST AMENDED COMPLAINT FOR CANCELLATION" whereby he continued to seek cancellation and rescission of the aforementioned deed. Defendant City again interposed a general and special demurrer which was sustained with leave to amend.

On August 11, 1960, plaintiff filed his "SECOND AMENDED COMPLAINT" which is the complaint with which we are concerned in this appeal. This complaint is totally different from the previous two complaints in that several allegations which were contained in the prior two complaints are omitted and plaintiff has added other allegations, and in effect is no longer seeking a cancellation or rescission of the aforesaid deed. In-

stead, plaintiff in the second amended complaint recognizes the validity of the deed and is seeking a declaratory judgment defining the rights of the parties in and to the property described in the deed. Defendant City interposed a general demurrer to the second amended complaint based upon five separate grounds.[1] The trial court sustained the demurrer upon all five grounds. Plaintiff declined to amend further. Judgment of dismissal in favor of the defendant was thereupon made and entered, from which this appeal has been taken.

In substance, the allegations in the ''SECOND AMENDED COMPLAINT'' are as follows:

That prior to March 1, 1948, plaintiff and one Alfred W. Robertson were the owners of 6.20 acres of land in Santa Barbara (a description of said land was set forth) ; that title to said land was held by County National Bank and Trust Company of Santa Barbara as Trustee for the plaintiff and Robertson, pursuant to a trust agreement under which the trustee would convey the property to whomsoever the plaintiff and Robertson would direct and that the trustee had no right, title or interest in the said property other than the legal title for the said beneficiaries who were the real parties in ownership of the property; that on March 1, 1948, at the request and order of plaintiff and Robertson, the trustee ''executed and delivered a deed to said real property to the said defendant, City of Santa Barbara as to said 6.20 acres.'' A copy of the deed was attached to the complaint (i.e. Exhibit ''A'') and incorporated by reference. The deed on its face was a grant

---

[1] The ''DEMURRER TO THE SECOND AMENDED COMPLAINT'' provides in pertinent part as follows:

''I

''. . . [T]he plaintiff's second amended complaint . . . does not state facts sufficient to constitute a cause of action.

''II

''. . . [T]he cause of action herein attempted to be pleaded is barred by the statute of limitations, Section 318 and 319, California Code of Civil Procedure.

''III

''. . . [T]he cause of action therein attempted to be pleaded is barred because of laches.

''IV

''There is a defect of parties plaintiff, in that Alfred W. Robertson and the County National Bank and Trust Company of Santa Barbara are alleged to have been the grantors of the property herein described and said parties are not named as either party plaintiff or party defendant.

''V

''. . . [T]he purported agreement alleged by the plaintiff is not in writing as required by C.C.P. 1971 and 1973(4).''

of a fee simple estate in absolute form.[2] Paragraph V of the complaint contains the allegation that on March 4, 1948 the deed was duly executed and was "delivered to the City of Santa Barbara and the said City Council at said meeting did then and there by a motion duly seconded and adopted, accepted said deed to said real property consisting of said 6.20 acres." A copy of the City Council's Resolution accepting the deed was a part of Exhibit "A" attached to the complaint. The Council's Resolution of acceptance was, on its face, unconditional.[3]

In Paragraph VI it is alleged that "said real property was conveyed to the City *for the express purpose of erecting a water filtration plant thereon* in connection with the water system then and there owned by the said City for the use and benefit of the inhabitants of the City of Santa Barbara; that the plaintiff and . . . Robertson *made the conveyance to the said City with the intent and purpose that the said land should be used by the said City as a filtration plant and it was so accepted by the said City Council.* That specifically on the said 4th day of March, 1948 the said deed, a Torrens Title Deed from said trustee *was accepted by the said City of Santa Barbara by a motion duly made and adopted by the City Council for the purpose of constructing a water filtration*

[2]The "CORPORATION GRANT DEED" (i.e. Exhibit "A") provides in part:

"COUNTY NATIONAL BANK AND TRUST COMPANY OF SANTA BARBARA, a corporation organized under the laws of the UNITED STATES OF AMERICA, . . . in consideration of TEN DOLLARS ($10.00), to it in hand paid, receipt of which is hereby acknowledged, does hereby grant to the CITY OF SANTA BARBARA, a Municipal Corporation, the real property in the County of Santa Barbara, State of California, described as follows:

". . . (Description set forth).

"IN WITNESS WHEREOF, said Corporation has caused its corporate name and seal to be affixed hereto and this instrument to be executed . . . this 1st day of March, 1948."

[3]The City Council's Resolution No. 1951 accepting the deed provides as follows:

"A RESOLUTION OF THE COUNCIL OF THE CITY OF SANTA BARBARA, CALIFORNIA, ACCEPTING THE ATTACHED DEED, AND RECOGNIZING THE SAME AS SUCH BY THE GRANTEE THEREIN NAMED, EVIDENCING THE SAME, AND REQUIRING, ORDERING, AND CONSENTING TO THE RECORDING OF SAID DEED.

"BE IT RESOLVED BY THE COUNCIL OF THE CITY OF SANTA BARBARA: "That the attached deed be and the same is hereby accepted and recognized as such by the Grantee therein named; that said acceptance and recognition be and the same are hereby evidenced; that said deed accepted and recognized as such be duly recorded in the office of the County Recorder of the County of Santa Barbara, California. That said recordation be and the same hereby is required and ordered and consented to by the Grantee in said deed named.

"ADOPTED BY THE CITY COUNCIL AT ITS REGULAR MEETING HELD ON THE 4th day of March, 1948 2:00 P. M."

*plant thereon* as a part of the water system of said City.''
(Emphasis added.)

It is further alleged (Paragraph VII) that the City Council,
on May 21, 1959, adopted a resolution to divert the use of the
land from a site for a filtration plant into a park and recrea-
tion area ''without the consent of the plaintiff herein and that
prior thereto, the plaintiff and . . . Robertson were the
owners of a tract of land contiguous to said 6.20 acres which
had been annexed to the said City . . . at or about the time of
the conveyance of said land to said City and that thereafter
. . . Robertson caused to be conveyed and granted to plaintiff
by said trustee, all of his right, title and interest in and to
said adjoining real property and all right and interests inci-
dent thereto and that plaintiff, prior to the commencement of
this action, was and still is the sole owner of said real prop-
erty and this cause of action.'' It is alleged in Paragraph
VIII that ''because the . . . City has diverted the purpose
and use of said land from the filtration plant to that of a park
and recreation area, plaintiff's adjoining land and his right
to the use and enjoyment thereof has been damaged and will
be damaged if the City continues the use of said area for park
and recreation purposes.'' Finally, it is stated in Paragraph
IX that ''a controversy has arisen between the plaintiff herein
and the defendant City with respect to the use of said 6.20
acres in that the City contends and claims that under the
proceedings and grant said City has the lawful right to divert
the use of said acreage for the purpose of a public park while
the plaintiff herein asserts and claims that the diversion of
such use is contrary to the specific purpose of said grant and
that the City should be restrained and enjoined from making
such use of said land for a public park or that said land should
be reconveyed by said City to the plaintiff, and further, that
plaintiff has been damaged by the action of said City in chang-
ing the use of said land.'' Plaintiff prayed for a ''decree de-
claring the rights, obligations and duties existing between the
City and the plaintiff in connection with the said conveyance
of said 6.20 acres to the said City and the right, title and in-
terest of the plaintiff therein, if any, and determine whether
or not because of the change of use by said City, the title to
said real property should revert to the plaintiff herein and that
appropriate relief be granted to the plaintiff when the rights
and obligations of the parties have been declared.''

Plaintiff's first contention is that the second amended com-
plaint states facts sufficient to constitute a cause of action.

■ The rules relating to the trial court's determination of a demurrer on the ground that a pleading does not state facts sufficient to constitute a cause of action and which govern a reviewing court in considering an appeal from a judgment entered on the sustaining of a demurrer on that ground are stated in *Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, at pages 288-289 [295 P.2d 113] :

". . . On appeal from a judgment sustaining a demurrer to a complaint the allegations of the complaint must be regarded as true. ■ It must be assumed that plaintiff can prove all the facts as alleged. (*Wirin* v. *Horrall,* 85 Cal. App.2d 497, 500 [193 P.2d 470].) 'The court must, in every stage of an action, disregard any defect in the pleadings which does not affect the substantial rights of the parties. (Code Civ. Proc., § 475.) ■ "Pleadings must be reasonably interpreted; they must be read as a whole and each part must be given the meaning that it derives from the context wherein it appears." (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867].) ■ All that is necessary as against a general demurrer is to plead facts entitling the plaintiff to some relief. (*Tristam* v. *Marques,* 117 Cal.App. 393, 397 [3 P. 2d 947].) ■ "In determining whether or not the complaint is sufficient as against the demurrer, upon the ground that it does not state facts sufficient to constitute a cause of action, the rule is, that if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged." (*Matteson* v. *Wagoner,* 147 Cal. 739, 742 [82 P. 436].) ■ In passing upon the sufficiency of a pleading, its allegations must be liberally construed with a view to substantial justice between the parties. (*Buxbom* v. *Smith,* 23 Cal.2d 535, 542 [145 P.2d 305] ; *Gerritt* v. *Fullerton Union High School Dist.,* 24 Cal.App.2d 482, 486 [75 P.2d 627].) ■ "While orderly procedure demands a reasonable enforcement of the rules of pleading, the basic principle of the code system in this state is that the administration of justice shall not be embarrassed by technicalities, strict rules of construction, or useless forms." (*Buxbom* v. *Smith,* 23 Cal.2d 535, 542 [145 P.2d 305].)' (*Hardy* v. *San Fernando Valley C. of C.,* 99 Cal.App.2d 572, 577 [222 P.2d 314].)"

■ Plaintiff asserts that he "is relying upon a valid delivery of the deed *with a condition limiting the use of the property, as expressed in the formal motion and acceptance of the City Council.*" (Emphasis added.) Plaintiff cites *Downing* v. *Rademacher,* 133 Cal. 220 [65 P. 385, 85 Am.St.Rep. 160]; *Estate of Porter,* 138 Cal. 618 [72 P. 173]; *Biescar* v. *Czechoslovak-Patronat,* 145 Cal.App.2d 133 [302 P.2d 104]; 15 Cal.Jur.2d 532. The difficulty with plaintiff's position is that neither the deed nor the City Council's resolution of acceptance of the deed (see footnotes 2 and 3) contains any condition or restriction limiting the use of the property. Exhibit "A" attached to the complaint contained a copy of the deed and a copy of the City Council's resolution.

■ Plaintiff's allegations set forth in Paragraph VI of the complaint are inconsistent with the recitals contained in Exhibit "A" and the rule relating to the effect of recitals inconsistent with allegations is set forth in 2 Witkin, California Procedure, Pleading, section 200, page 1178, as follows:

"The rule just stated (*supra,* § 199) coupled with the principle that pleadings should be truthful (*supra,* § 176) has an important application *against the pleader*: The recitals, if contrary to allegations in the pleading, will be given precedence, and the pleader's inconsistent allegations as to the meaning and effect of an unambiguous document will be disregarded." (See *Alphonzo E. Bell Corp.* v. *Bell etc. Syndicate,* 46 Cal.App.2d 684, 691 [116 P.2d 786], ". . . All these conclusions of the pleader are contrary to the express terms of the instrument creating the trust which is pleaded in full and made a part of the complaint. Under these circumstances the court will, in hearing on the demurrer, examine the exhibits and treat the pleader's conclusions as surplusage.")

■ It is apparent that the complaint on its face does not state facts sufficient to constitute a cause of action. The trial court sustained the general demurrer upon all five grounds. It would appear that the court properly disposed of the matter and ruled correctly. However, it is unnecessary to discuss the other four grounds in the light of the determination we have made with reference to the first ground.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 9, 1962.