BROWN, J.
 

 This action was commenced by a complaint filed by the Division of Labor Law Enforcement, Department of Industrial Relations, State of California, against Pancho Barnes and E. S. McKendry, on assigned claims for wages alleged to be due to four ranch workers, and for statutory penalties accruing by reason of nonpayment. The complaint seeks to recover in behalf of Ralph W. Cato $33.67 wages and $100 penalty; in behalf of Henry M. Cramer $565 wages and $150 penalty; in behalf of Oudray Cobb $450 wages and $300 penalty; and in behalf of LaNaya Neves $150 wages and $100 penalty, together with interest at the rate of 7 per cent per annum commencing January 17,1961, on the total of the wages claimed, and commencing February 17, 1961, on the total of the penalties. Appellants answered the material allegations of the complaint and raised affirmative defenses. They also interposed a cross-complaint against the division, J. L. Ritchie (Deputy Labor Commissioner), and the four assignors. Demurrers of the respondents to the cross-complaint were sustained without leave to amend. Contemporaneously, respondents’ motion to strike the cross-complaint was granted. Appellants have appealed from the judgment entered pursuant thereto.
 

 The primary question presented by this appeal is whether the pleading denominated a cross-complaint does, or may be amended to, state a cause of action against each named cross-defendant since, if defects can be remedied by amendment, it was an abuse of discretion to sustain the demurrers without leave to amend.
 
 (Gaglione
 
 v.
 
 Coolidge,
 
 134 Cal.App.2d 518, 522 [286 P.2d 568];
 
 Ransom
 
 v.
 
 Los Angeles City High School Dist.,
 
 129 Cal.App.2d 500, 509 [277 P.2d 455].)
 

 The cross-complaint contains eight numbered paragraphs, in form set out as a single cause of action. The first paragraph recites appellants’ marital status and place of residence and the second recites the usual fictitious name allegation. Each of the remaining paragraphs attempts to state a cause of action against a different cross-defendant.
 

 
 *344
 
 Paragraph three purports to state a cause of action against the division and alleges that an attachment was- levied and the sheriff took cash from a cash register at appellants’ general store; the attachment was unjustified; the sheriff harassed and embarrassed the appellants; that the division “exceeded their scope of authority when they acted in this manner on these claims”; that appellants’ requests for additional hearings before the Labor Commissioner, hearings with a court reporter present, and hearings with a deputy other than Ritchie presiding, had been ignored, to their damage in the sum of $3,000.
 

 By paragraph four it is alleged that on September 10, 1960, Cato contacted appellants by telephone relative to a job.- He was then in the custody of the sheriff at Mojave. They picked him up and posted $52.50 bail. He worked 10 days, “jumped bail” and the expenses of bail and their search for him caused damage in the sum of $200.
 

 In paragraph five appellants complain that, in December 1960, LaNaya Neves attempted to purchase a horse from them for $500. Unable to pay cash she offered to work out a trade but abandoned the agreement and disappeared; and, “As a result cross-complainants have been damaged in the sum of $545.00.”
 

 Paragraph six recites that about May 21, 1960, Cobb entered into an oral agreement to irrigate appellants’ alfalfa; that he “willfully and maliciously and with intent to defraud the cross-complainants, erratically and insufficiently watered” their crop; that, as a direct result of his actions, appellants lost one cutting of alfalfa hay and were damaged in the sum of $6,750.
 

 Appellants allege in paragraph seven that, during the spring of 1960, Cramer requested them to get him out of jail on probation. He was held on a federal charge of forging government checks. For the expenses involved in making many trips to Los Angeles to meet with the United States Attorney,' probation officer, defense counsel and bail bondsman, Cramer is “indebted” to appellants in the sum of $500.
 

 By paragraph eight, appellants claim that Ritchie, in all of his dealings with them, has shown malicious bias and prejudice, exceeded the scope of his authority, did not act under the cloak or color of his office, was not an impartial arbitrator but showed bias and prejudice; that, when appellants requested their cases -be assigned to another hearing officer,
 
 *345
 
 Ritchie continued harassing them; when they demanded a court reporter, he refused further hearings; and he has not used that degree of skill necessarily expected of a person in his position. They claim damages of $2,000.
 

 The division and Ritchie jointly filed a special and general demurrer and the four claimants jointly filed a similar demurrer. Both demurrers state identical grounds: (1) that several causes of action have been improperly united or not separately stated; (2) misjoinder of parties cross-defendant; and (3) failure to state causes of action.
 

 It should first be noted that the label “cross-complaint” attached to their pleadings by appellants is immaterial ; the ultimate facts pleaded in each cause of action are determinative of its character as a cross-complaint or counterclaim. (Ta
 
 liaferro
 
 v.
 
 Taliaferro,
 
 154 Cal.App.2d 495 [316 P.2d 393].) We shall hereinafter advert to this point in our discussion of each cause.
 

 It is familiar law that a complaint or cross-complaint in which two or more purported causes of action are not separately stated is vulnerable and subject to a special demurrer. (Ca
 
 mpbell
 
 v.
 
 Rayburn,
 
 129 Cal.App.2d 232 [276 P.2d 671]; Code Civ. Proc., § 430.) Therefore, the first ground of demurrer is well taken. But this defect may be cured by amendment. A demurrer on the ground of improper joinder of causes of action should not be sustained without leave to amend, if the defect can be cured by amendment.
 
 (Lord
 
 v.
 
 Garland,
 
 27 Cal.2d 840, 854 [168 P.2d 5].)
 

 The ground of misjoinder of parties cross-defendant is based on the statement that the division is a part of the Department of Industrial Relations of the State of California and Ritchie was its employee acting within the scope of his duties. Since we have determined, for reasons hereinafter stated, that no cause of action lies against the division and Ritchie, they have been misjoined and the ground is good as to their demurrer. As to the demurrer of the four wage claimants, the ground is bad. Only the person misjoined may complain. As to the four claimants, the joinder of the division and Ritchie does not adversely affect their interests. (2 Chadbourn, Grossman, Van Alstyne, California Pleading, § 1213, p. 417.) Misjoinder of parties may be remedied by amendment.
 

 In examining the individual complaints contained in the cross-complaint to determine whether sufficient facts are stated
 
 *346
 
 to constitute causes of action, we must be guided by often repeated rules. These rules are: A demurrer admits the truth of all allegations which are well pleaded
 
 (Lee
 
 v.
 
 Hensley,
 
 103 Cal.App.2d 697, 704 [230 P.2d 159]), but does not admit contentions, conclusions or deductions drawn by the pleader from facts alleged, nor does it admit allegations of conclusions of law
 
 (Hancock
 
 v.
 
 Burns,
 
 158 Cal.App.2d 785, 790 [323 P.2d 456]). It must be assumed that appellants can prove all well-pleaded facts as alleged.
 
 (Schaefer
 
 v.
 
 Berinstein,
 
 140 Cal.App.2d 278, 288 [295 P.2d 113].) All that is necessary as against a general demurrer is to plead facts entitling the pleader to some relief.
 
 (Hill
 
 v.
 
 City of Santa Barbara,
 
 196 Cal.App.2d 580, 585 [16 Cal.Rptr. 686].)
 

 We do not deem it necessary to unduly prolong the length of this opinion by entering upon an analytical examination of each allegation contained in the purported causes of action against the division and Ritchie for the purpose of showing, as it may thus be shown, that no causes of action were, or can be, stated. It is difficult to ascertain the theories underlying those confused allegations. We believe that appellants are attempting to state a cause of action against the division for damages arising from a wrongful levy and against Ritchie for damages arising from malicious prosecution. If so, it is enough to say that, as to the division, damages arising by reason of an alleged wrongful attachment levied on appellants’ property in the same action may not be pleaded in a cross-complaint
 
 (Jeffreys
 
 v.
 
 Hancock,
 
 57 Cal. 646); and, as to Ritchie, a cause of action for malicious prosecution may not be pleaded in the cross-complaint because obviously there has been, and can be, no judicial proceeding favorably terminated
 
 (Jaffe
 
 v.
 
 Stone,
 
 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775]). Additional allegations merely evidence appellants’ dissatisfaction with the hearing procedures of the division, acting through Ritchie as hearing officer, and present no real issue of fact.
 

 This being so, it becomes unnecessary herein to examine the defective frame in which these causes are set, or consider the problems of failure to allege compliance with the procedure which is a condition precedent to suit set out in the claims statutes (Gov. Code, §§ 600 et seq., § 801), the privilege conferred on the division and Ritchie by the doctrine of governmental immunity
 
 (Hancock
 
 v.
 
 Burns,
 
 158 Cal.App.2d 785 [323 P.2d 456];
 
 Cross
 
 v,
 
 Tustin,
 
 165 Cal.App.2d 146 [331 P.2d
 
 *347
 
 785]), and classification as cross-complaints (Code Civ. Proc., §442) or as counterclaims (Code Civ. Proc., §438).
 

 It appears clear that the defects are of a type which cannot he remedied by amendment, and the court did not abuse its discretion in dismissing as to these two causes of action.
 

 We next turn to the allegations of the cause of action against Cato, in which appellants seek to recover $52.50 for bail posted and $147.50 incidental expense. We believe appellants are attempting to plead a common count for money paid, laid out and expended. Such an account lies when the act of payment was the result of an express or implied contract or gives rise to a quasi contract. (4 Am.Jur.,Assumpsit, § 19, p. 507.) The complainant must allege that the money was expended for the use and benefit of the defendant, at his instance and request, and such facts as will show an express or implied contract or a quasi contract on the part of the defendant to pay the amount so expended. It is not necessary to state when the money was paid, nor when the defendant became indebted therefor.
 
 (Miller
 
 v.
 
 Brown,
 
 107 Cal.App.2d 304 [237 P.2d 320].) Nor is it necessary to set out in detail the items of the account. If the allegations are too general, the defendant’s remedy is to demand a bill of particulars.
 
 (Pleasant
 
 v.
 
 Samuels,
 
 114 Cal. 34, 38 [45 P. 998]; Code Civ. Proc., § 454.) A pleading found sufficient to constitute a common count is not subject to a general demurrer.
 
 (Brown
 
 v.
 
 National Royalties, Inc.,
 
 169 Cal.App.2d 836, 839 [338 P.2d 188].)
 

 Appellants have alleged that Cato requested a job on September 10, 1960. Since he was then in official custody, by fair implication that request carried with it a subsidiary request that appellants post bail for his benefit. It thus appears that, as to the bail, the appellants have pleaded the payment of money for Cato’s benefit and at his special instance and request. We think the facts alleged are such as to give rise to an implied contract. As to the $52.50, the allegations are sufficient to constitute a common count which is not subject to a general demurrer.
 

 The additional allegations that Cato “jumped bail” and appellants expended $147.50 in searching for him do not give rise to a cause of action in them nor an obligation in Cato. It appears that appellants were mere volunteers.
 

 Next considering the cause of action against LaNaya Neves, it seems clear that appellants are pleading a theory of
 
 *348
 
 breach of an oral contract. It is alleged that Neves offered to “work out a trade” for the purchase price of a horse; that she abandoned the agreement and disappeared. Appellants then claim damages of $545. While this cause is vulnerable because it fails to set out the full terms of the contractual performance on the part of Neves, the defect is one which is capable of being remedied by amendment. The contract of purchase upon which appellants’ cause is founded is so interwoven with the contract of employment which is the basis of the claim assigned to the division by Neves, the single transaction rule is satisfied and the cause classifies as a cross-complaint.
 

 The allegations set forth in the purported cause of action against Cobb present a more difficult problem. The allegation that Cobb entered into an oral agreement to irrigate appellants’ alfalfa sounds in contract; the allegation that he “willfully and maliciously and with intent to defraud the cross-complainants” sounds in the tort action of fraud and deceit; and the words “erratically and insufficiently watered” sound in negligence. As alleged, the cause fails when challenged by demurrer. But, liberally construed, the allegations show that appellants may be entitled to affirmative relief on the theory of negligence. By proper drafting, a cause of action may be stated on this theory.
 

 We are then squarely faced with the question of whether or not negligence of an employee in the course of his employment gives rise to a cause of action in his employer. Appellants have not referred us to any California case in which the factual situation is precisely similar to that here involved. Our research has not developed a case of this state which is closely parallel. The nearest in point of any case located is
 
 Thomas Fruit Co.
 
 v.
 
 Start,
 
 107 Cal. 206 [40 P. 336]. In that case plaintiff sued to recover compensation for the drying of prunes. Defendant counterclaimed for damages to the prunes sustained by reason of plaintiff’s negligence and want of skill. Judgment in favor of defendants for the difference between the contract price and the damages to the prunes was upheld by the Supreme Court.
 

 It is provided by section 2858 of the Labor Code that, “An employee is bound to exercise a reasonable degree of skill, unless his employer has notice, before employing him, of his want of skill,” and by section 2859 of the same Code, “An
 
 *349
 
 employee is always bound to use such skill as he possesses, so far as the same is required, for the service specified.”
 

 Section 2865 of the Labor Code provides: “An employee who is guilty of a culpable degree of negligence is liable to his employer for the damage thereby caused to the employer. The employer is liable to the employee if the service is not gratuitous, for the value of the services only as are properly rendered.” (See also 32 Cal.Jur.2d, Master and Servant, §21, p. 422; 35 Am.Jur., Master and Servant, § 101, pp. 530-531.)
 

 We are of the opinion that appellants may, by proper amendment, state a cause of action in negligence against Cobb. Whether they can show that Cobb was guilty of culpable negligence so as to bring their cause of action within the purview of section 2865 of the Labor Code is a question of fact which cannot be determined by general demurrer. The same transaction rule is satisfied and this cause properly constitutes a cross-complaint.
 

 Appellants are apparently attempting to set forth a cause of action against Cramer in debt. The statement that Cramer was in custody on a federal charge of forging checks is an unnecessary recital and may be disregarded as surplusage as against a general demurrer. Two of the essential elements in pleading indebtedness are that the services were rendered at defendant’s request and an allegation of nonpayment. Cramer’s request that appellants get him out of a Los Angeles jail on probation reasonably carries with it the request that they incur whatever expense might be necessary. It is alleged that Cramer is “indebted” to appellants in the sum of $500, but there is no allegation of nonpayment. There is no allegation establishing that the alleged indebtedness of Cramer arose from the transaction of employment. This cause probably cannot qualify as a cross-complaint but, by amendment, may constitute a good counterclaim.
 

 At oral argument on this appeal respondents vigorously argued that the recent case of
 
 Kerr’s Catering Service
 
 v.
 
 Dept. of Industrial Relations,
 
 57 Cal.2d 319 [19 Cal.Rptr. 492, 369 P.2d 20], precluded appellants from filing cross-claims, either by way of cross-complaint or by way of counterclaim, against the four wage claimants who are the real parties in interest in this action. We do not so view that case.
 
 Kerr
 
 held proper and constitutional an order of the Industrial Welfare Commission, an agency empowered by the State of Cali
 
 *350
 
 fornia to regulate the employment of women and minors, requiring Kerr’s Catering Service to discontinue its practice of making deductions from commissions paid its female employees for shortages that were beyond the employees’ control and not caused by a dishonest or wilful act or by the culpable negligence of the employee. The public policy of this state favoring full and prompt payment of wages due an employee is emphasized and demonstrated by a comprehensive review of various statutes designed to protect an employee, as well as decisional law of this state. We are in accord with, and are bound by, the principles there expressed when read in the light of the factual situations in which they are framed. One of the statutes discussed by the court is section 300 of the Labor Code, limiting the assignment of wages to be earned. At page 354 of the opinion, it is said:
 

 “The statutory prohibition is made inapplicable to deductions for the ‘payment for goods or services furnished by the employer to the employee or his family at the request of the employee.’ ”
 

 In our ease, we believe the allegations that Cato and Cramer requested appellants to get them out of jail and that Neves offered to work in trade for a horse she desired to purchase are sufficient to bring the cross-actions against them within the ambit of the exception as goods or services furnished by the employer to the employee at the latter’s request. As to Cobb, a cross-demand is authorized by section 2865 of the Labor Code.
 

 There is also an overall distinction between
 
 Kerr
 
 and this ease. In
 
 Kerr
 
 the order of the Industrial Welfare Commission was designed to stop an existing practice and operated prospectively. In the case at bar the employment had ended. Suit was brought by the employees, through their assignee. The relationship of employer and employee having ended, each stands as a stranger to the other and each claims to be the creditor of the other. Under this set of facts, there is no good reason why the adverse claims of the parties may not be finally determined in a single action.
 

 Appellants make no other points meriting lengthy discussion. Their remaining contentions relate to remarks made by the judge of the court below during hearing. The first was generally to the effect that the court would assume any person coming into court, including a state official, believes be is in the right and ought to take the action which was, in
 
 *351
 
 fact, taken. There is nothing in the statement, read with the appellants’ argument and the colloquy which precedes it, to sustain appellants’ contention that the court blindly assumed the state was right and individuals wrong. The second remark was to the effect that, if the ruling on the demurrers was favorable to respondents, there would be no necessity to rule on the motion to strike. There was, of course, no jury to be influenced by statements of the court. It has been held that a trial judge should not prejudge issues but should maintain an open mind until all evidence is in.
 
 (McVey
 
 v.
 
 McVey,
 
 132 Cal.App.2d 120, 123 [281 P.2d 898].)
 

 Neither of the remarks pointed to by defendants indicate that the judge closed his mind or prejudged the case adversely to appellants. To the contrary, the record discloses that appellants had a full and fair hearing and ample opportunity to present their arguments. Judicial action, not judicial reasoning or comment, is the subject of review
 
 (Lincoln
 
 v.
 
 Superior Court,
 
 22 Cal.2d 304, 315 [139 P.2d 13]); and oral opinions or expressions of the trial court may not be considered to impeach or overturn the final decision of the court
 
 (DeCou
 
 v.
 
 Howell,
 
 190 Cal. 741, 751 [214 P. 444];
 
 Bailey
 
 v.
 
 Fosca Oil Co.,
 
 180 Cal.App.2d 289, 293 [4 Cal.Rptr. 474]). We are further mindful of the rule that an assignment of misconduct will not be considered when made for the first time on appeal.
 
 (Cody
 
 v.
 
 Van’s Grocery Co.,
 
 189 Cal.App.2d 329 [11 Cal.Rptr. 277].) Not having objected in the court below, appellants have waived the point.
 

 The judgment of dismissal on the causes of action against the division and Ritchie is affirmed. The judgment on the causes of action against Cato, Neves, Cobb and Cramer is reversed with directions to the trial court to grant appellants leave to file an amended cross-complaint within a reasonable time as to those cross-defendants. Appellants shall have their costs on appeal.
 

 Conley, P. J., and Stone, J., concurred.