[Civ. No. 488.   Fifth Dist.   Apr. 8, 1965.]

JUANITA LAING, Plaintiff and Appellant, v. LUTHER W. S. LAUBACH, Defendant and Respondent.

---

Marshall Miles for Plaintiff and Appellant.

Thompson & Colegate and Michael R. Raftery for Defendant and Respondent.

BROWN (R.M.), J.—This appeal originated in an action brought by the plaintiff to impress a trust upon certain real property held of record in the name of the defendant. De-

fendant's demurrer to plaintiff's amended complaint was sustained and thereafter the plaintiff declined to amend and upon motion made by defendant a judgment of dismissal was made and entered, from which plaintiff appeals.

The amended complaint, filed April 14, 1961, alleges as follows:

"1. During the year 1953 plaintiff performed work and labor, pursuant to an oral contract, on a boat owned by defendant for the agreed compensation of half the proceeds upon the sale of said boat. Said boat was 'sold' or traded as a $2,500.00 down payment on real property located in San Diego. Plaintiff and defendant entered into an oral accord and satisfaction whereby defendant agreed to purchase certain real property in San Bernardino County, hereinafter described, for plaintiff and to pay all escrow charges and costs connected therewith in lieu of conveying to plaintiff an interest in the real property purchased in San Diego. Said real property in San Bernardino County was purchased by defendant from Bertha V. Mitchell by deed dated January 29, 1954 and recorded May 5, 1954 in Book 3376, page 562, of the official records of said County. All escrow charges thereon were paid by the defendant. The legal description of said real property is as follows: . . .

"2. Upon the transfer of said real property, plaintiff took possession thereof and has remained in possession ever since then, and is still in possession thereof.

"3. Defendant purchased said real property in his own name. Plaintiff has, on numerous occasions, requested defendant to execute and deliver a deed of said property to plaintiff, but defendant has failed to do so, and has given various excuses for delaying. Defendant did not claim said property as his own until on or about January 12, 1959, at which time defendant, through his attorney, Myron Kaminar, wrote to plaintiff and demanded that she vacate said property and premises. Plaintiff is equitable owner of said property but defendant is the legal owner of said property.''

To the complaint defendant interposed a general demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action; that the cause of action, if any, was barred by the limitation statutes, and the statute of frauds. He also urged that the doctrine of laches applied.

The order sustaining the demurrer is general in its terms, having been made and filed prior to the effective date of Code of Civil Procedure, section 472d (effective September 15, 1961), which section requires the court to include in its

decision or order sustaining the demurrer a statement of the specific ground or grounds on which the decision rests.

*Failure to State a Cause of Action*

Plaintiff-appellant argues that the complaint states a cause of action to impose a resulting trust upon the real property.

"A resulting trust arises when the legal estate is transferred under such circumstances that the intent appears, or is inferred, that the beneficial interest should not be enjoyed with the legal title." (49 Cal.Jur.2d, Trusts, § 347, p. 186; *Fulton* v. *Jansen,* 99 Cal. 587 [34 P. 331].)

Such a trust is implied by law to carry out the intention of the parties; it is implied from the facts, and neither written evidence of agreement nor fraud on the part of the trustee is an essential element. The trustee has no duties to perform, no trust to administer, and no purpose to carry out except the single one of holding or conveying according to the beneficiary's demands. (See 49 Cal.Jur.2d, Trusts, §§ 348, 349, pp. 187-189; *Bainbridge* v. *Stoner,* 16 Cal.2d 423 [106 P.2d 423]; *Bradley* v. *Duty,* 73 Cal.App.2d 522 [166 P.2d 914]; *Gerstner* v. *Scheuer,* 91 Cal.App.2d 123 [204 P.2d 937]; *Jones* v. *Gore,* 141 Cal.App.2d 667 [297 P.2d 474].)

"A resulting trust arises whenever a purchase of real property is made with the money of the beneficiary and the deed to the property is not taken in his name." (23 Cal. Jur.2d, Frauds, Statute of, § 57, p. 292; see also *Sandfoss* v. *Jones,* 35 Cal. 481; Civ. Code, § 853.)

Civil Code section 853 provides: "When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

The consideration may be in money or in property. "It may be the performance of services or the discharge of a pre-existing debt." (49 Cal.Jur.2d, Trusts, § 362, pp. 203-204; *Currey* v. *Allen,* 34 Cal. 254; *Dougherty* v. *California Kettleman etc. Inc.,* 9 Cal.2d 58 [69 P.2d 155]; *Commercial Nat. Bank* v. *Roberts,* 49 Cal.App. 764 [194 P. 751].) Plaintiff places her main reliance upon the last cited case and quotes from the opinion. In that case the plaintiff bank, a judgment creditor of Mr. Roberts, claiming ownership of land under a sheriff's deed made pursuant to an execution sale, attempted to have set aside as fraudulent a series of deeds executed prior to the sale whereby Roberts deeded to his wife's sister, who then deeded to Roberts' sister, who in turn deeded to Roberts' wife. In discussing the first deed from

Roberts to Mrs. Buechner, a sister of Mrs. Roberts, the court said at page 765:

"The first deed in the series is in the ordinary form of grant, for an expressed consideration of ten dollars, from Roberts to a Mrs. Buechner, a sister of Mrs. Roberts. The trial court found that the real consideration for the conveyance was a pre-existing debt of Roberts to his wife, and that the conveyance was made to Mrs. Buechner, who paid no part of the consideration, with a resulting trust for Mrs. Roberts. The appellant contends that apart from any question of fraud, or lack of consideration, or nonexistence of the debt, the deed is void as a prohibited secret parol trust to convey. Cases are cited announcing the familiar rule that to support such a resulting trust the consideration for the conveyance must have been paid by the beneficial owner. Assuming for the present purpose the existence of the debt from Roberts to his wife, there could be no contention such as the appellant makes if Roberts had paid the amount of the debt in money to his wife and immediately she had paid him the same money as the consideration for his conveyance to Mrs. Buechner. (Civ. Code, § 853.) The law does not require so idle an act as the mere passing back and forth of the same coin. (Civ. Code, § 3532.) Cancellation of a pre-existing indebtedness is a valuable consideration for a conveyance."

The case before us is very similar. ▆ The fact that no money changed hands did not alter the situation. The consideration from the plaintiff was the discharge of the defendant's obligation to pay her one-half of the proceeds from the sale of the boat. Thus, a cause of action was stated and the demurrer should have been overruled.

▆ When an appeal is taken from a judgment of dismissal entered after demurrer sustained, the applicable rules as stated in *Division of Labor Law Enforcement* v. *Barnes*, 205 Cal.App.2d 337, 346 [23 Cal.Rptr. 55], are:

"A demurrer admits the truth of all allegations which are well pleaded (*Lee* v. *Hensley*, 103 Cal.App.2d 697, 704 [230 P.2d 159]), but does not admit contentions, conclusions or deductions drawn by the pleader from facts alleged, nor does it admit allegations of conclusions of law (*Hancock* v. *Burns*, 158 Cal.App.2d 785, 790 [323 P.2d 456]). ▆ It must be assumed that appellants can prove all well-pleaded facts as alleged. (*Schaefer* v. *Berinstein*, 140 Cal.App.2d 278, 288 [295 P.2d 113].) ▆ All that is necessary as against a general demurrer is to plead facts entitling the pleader to

some relief. (*Hill* v. *City of Santa Barbara,* 196 Cal.App.2d 580, 585 [16 Cal.Rptr. 686].)''

A resulting trust does not arise from any oral agreement between the parties, but only as a result of the advancement of at least part of the consideration by the one claiming to be the beneficiary. (*Elliott* v. *Wood,* 95 Cal.App.2d 314, 317 [212 P.2d 906].) A natural presumption arises that one who furnishes the purchase price intends that the purchase is to be for his benefit. (*Simson* v. *Eckstein,* 22 Cal. 580; *Lezinsky* v. *Mason Malt Whiskey Distilling Co.,* 185 Cal. 240 [196 P. 884].) Generally, when the party who furnishes the consideration takes legal title in his own name, no resulting trust can be imposed in favor of another. (*Los Angeles etc. Co.* v. *Occidental Oil Co.,* 144 Cal. 528 [78 P. 25].)

A resulting trust cannot be enforced in favor of a person who has paid part of the consideration for the transfer of property unless it is possible to clearly establish the amount of money contributed by him or the proportion of his contribution to the whole purchase price. (*Los Angeles etc. Co.* v. *Occidental Oil Co., supra; Woodside* v. *Hewel,* 109 Cal. 481 [42 P. 152] ; *Plass* v. *Plass,* 122 Cal. 3 [54 P. 372] ; *Breitenbucher* v. *Oppenheim,* 160 Cal. 98 [116 P. 55].) One who claims a resulting trust in land must establish clearly, convincingly and unambiguously, the precise amount or proportion of the consideration furnished by him. (*Woodside* v. *Hewel, supra.*) If the claimant does not, then the presumption of ownership arising from the legal title is not overcome and a resulting trust will not be declared. (*Woodside* v. *Hewel, supra; Plass* v. *Plass, supra; Socol* v. *King,* 36 Cal.2d 342 [223 P.2d 627].) Defendant argues that the appellant, in her amended complaint, did not establish clearly, convincingly, and without ambiguity the precise amount or proportion of the consideration furnished by her, and because of such lack of evidence, she did not present facts sufficient to constitute a cause of action.

The fallacy of defendant's position is that the cases that he relies upon are those involving actions tried on the merits and the language therein contained relates to the proof at trial, not the allegations of the complaint. Defendant also argues that the complaint does not show the proportionate interest and fails to show that the alleged payment on the purchase price was made by appellant and that it merely alleged a trust as the conclusion of the pleader. Defendant has relied on *Neusted* v. *Skernswell,* 69 Cal.App.2d 361 [159 P.2d 49],

which held that the complaint failed to allege facts sufficient to establish the proportionate contribution of the plaintiff to the purchase price of the property and no allegation of the proportionate interest of the plaintiff which the defendant purportedly held in trust.

Defendant overlooks the fact that in the *Neusted* case the plaintiff sought to impress a trust upon only a proportion of the property, without alleging facts which showed his entitlement thereto. ▮ In the case before us, the complaint flatly alleges that it was the intent of the parties that defendant was to buy the whole of the San Bernardino County property for the plaintiff and she does not seek a proportionate interest. No writing is necessary to establish such a trust. (*Stromerson* v. *Averill*, 22 Cal.2d 808 [141 P.2d 732]; *Bufalini* v. *De-Michelis*, 136 Cal.App.2d 452, 457 [288 P.2d 934].)

In section 50 of the Restatement Second of Trusts, at page 125, it is said: "Although a trust of an interest in land is orally declared and no memorandum is signed, the trust is enforceable if, with the consent of the trustee, the beneficiary as such enters into possession of the land or makes valuable improvements thereon or irrevocably changes his position in reliance upon the trust." (See also *Shelton* v. *Malette*, 144 Cal.App.2d 370, 375 [301 P.2d 18]; *Weeks* v. *Taddeucci*, 132 Cal.App.2d 491, 495 [282 P.2d 586]; *Brison* v. *Brison*, 75 Cal. 525, 533 [17 P. 689, 7 Am.St.Rep. 189]; 23 Cal.Jur.2d, Frauds, § 57, at p. 293.)

### Statute of Limitations

▮ Plaintiff sets out the rule that an action upon an express or resulting trust must be brought within four years from the time the beneficiary has knowledge or notice of the repudiation of the trust. (*Scott* v. *Symons*, 191 Cal. 441 [216 P. 604]; *Broder* v. *Conklin*, 77 Cal. 330, 339 [19 P. 513].) The complaint alleges that the defendant did not claim the property as his own until January 12, 1959, at which time he demanded that plaintiff vacate the property. Thus, though in the complaint it does state that on unspecified prior occasions the defendant had given various excuses for delay, we still think the date of repudiation was that given by the defendant to the plaintiff. In any event, the amended complaint was filed well within the four-year limitation.

▮ Defendant is bound by the well-established rule that only if it appears upon the face of the complaint that the suit is barred by the statute of limitations may the defendant demur (*Sublette* v. *Tinney*, 9 Cal. 423; *Smith* v. *Richmond*,

19 Cal. 476), and the bar must clearly appear in order to sustain a demurrer on this ground (*Ord* v. *De La Guerra,* 18 Cal. 67; *Smith* v. *Richmond, supra*).

Where a beneficiary requests conveyance of the legal title and the trustee gives various excuses for delaying, such excuses cannot be deemed to be an unequivocal repudiation of the trust. Therefore, the complaint does not show on its face that plaintiff's cause of action is barred by the statute of limitations.

### Doctrine of Laches

Defendant in his brief relies on *Kleinclaus* v. *Dutard,* 147 Cal. 245 [81 P. 516], for the rule that equitable actions may be barred by the doctrine of laches. He contends that the period of time between the first transaction in 1953 and the bringing of this action constituted an unreasonable delay. He claims, in his brief, that the defendant sustained damage in that the plaintiff had physical possession of the property during the entire period of time which was to his prejudice. However, the complaint alleges that possession was delivered to the plaintiff.

In the *Kleinclaus* case, *supra,* the father, as the alleged trustee, was in actual possession of the property for approximately 35 years and was treating it all of this time as his own; there was a great lapse of time without any assertion of a claim. The acts of the alleged trustee were openly and notoriously hostile to the claims of the plaintiff, with an acquiescence by the alleged beneficiaries. However, in the case before us we have the plaintiff in possession, numerous excuses not shown in detail by the plaintiff as to why title had not been transferred, and the ultimate repudiation by the defendant in writing.

In *South* v. *Wishard,* 146 Cal.App.2d 276 [303 P.2d 805], where it was claimed that the plaintiff had slept on his rights and should not be permitted to assert a stale claim, the court said at page 288: "But if, as alleged, the delay was induced by the fraud of Wishard, laches is no more available as a valid defense than is the defense of the statute of limitations. If the statute has been tolled plaintiff has not been guilty of laches. If the facts found upon a trial sustain the defense of the bar of the statute the question of laches will become moot."

The judgment is reversed.

Conley, P. J., and Stone, J., concurred.